34 F.3d 1076
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Verdie Mae FRANKLIN; Verdie Mae Franklin, Administratrix of
the Estate of Lonnie B. Franklin, Plaintiffs-Appellants,
v.
UNITED STATES OF AMERICA, Defendant-Appellee.
 No. 93-6365.
 United States Court of Appeals, Tenth Circuit.
 Aug. 1, 1994.
 
 1
 Before TACHA and EBEL, Circuit Judges and ROGERS,** District Judge.
 
 ORDER AND JUDGMENT[1]
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Plaintiff Verdie Mae Franklin, on her own behalf and as administratrix of the estate of her late husband, Lonnie B. Franklin, appeals from a judgment entered in favor of the United States following a bench trial of her action under the Federal Tort Claims Act (FTCA), 28 U.S.C. 1346(b), 2671-2680. Mrs. Franklin's briefs formally designate eight issues on appeal, but, as explained below, only a few matters are properly brought before this court for review. Having considered these in light of the record and the controlling standard of review, we affirm.
 
 
 4
 Mrs. Franklin brought suit against the United States to recover damages for the wrongful death of her husband, which she claims was the result of unauthorized surgery performed at a VA hospital in Oklahoma City, Oklahoma. Mrs. Franklin alleges that her husband did not, in fact, consent to the surgery, or, if he did, his nominal consent was vitiated by mental incompetence. On a prior appeal, this court considered the nature of these allegations at length, and concluded that they fell exclusively within the intentional tort theory of medical battery. Franklin v. United States, 992 F.2d 1492, 1496-99 (10th Cir.1993). We specifically rejected the application of potential negligence theories regarding informed consent, id. at 1497, and adherence to institutional procedures, id. at 1499. On remand, no attempt was made to amend the pleadings or frame the final pretrial order so as to add any claims for such negligence.[2] The district court noted all this in its memorandum opinion. App. at 16, 21. Nevertheless, counsel for Mrs. Franklin inexplicably persists in pursuing these negligence theories through his first several assignments of error. We shall disregard this argument and proceed directly to a review of the medical battery claim.
 
 
 5
 The district court thoroughly assessed the relevant evidence and found that the decedent consented to surgery and was competent when he did so. These factual findings, based on oral and documentary evidence, "shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses." Salve Regina College v. Russell, 499 U.S. 225, 233 (1991)(applying Fed.R.Civ.P. 52(a)). The parties' briefs ably summarize the conflicting evidence presented to the district court and included in the appellate record. Upon our review thereof, we conclude the district court should be affirmed. Anderson v. City of Bessemer City, 470 U.S. 564, 574 (1985)("Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous.").
 
 
 6
 The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.
 
 
 
 **
 Honorable Richard D. Rogers, United States District Judge for the District of Kansas, sitting by designation
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Counsel for Mrs. Franklin contends the following statement from the final pretrial order put everyone on notice that an informed consent claim had been added: "Plaintiff brings suit claiming that the surgery was done without consent or with incompetent consent." Appellant's Reply at 7 (quoting, with added emphasis, App. at 8-9). Given the distinction--carefully drawn and repeatedly emphasized in our prior opinion--between medical battery, which rests on the absence of (competent) consent, and uninformed consent, which presupposes such consent and looks, rather, to the adequacy of pre-consent disclosures, see Franklin, 992 F.2d at 1496-97 & n. 4, counsel's contention strains our credulity